## GANTT vs. BOWIE's Adm'r.

## SAME vs. SAME.

The defendant, as surety for F B, in a bond for the payment of money given to the plaintiff as trustee for the sale of an estate, having pleaded payment, at the trial offered to file an account in bar, claiming in the name of F B, a sum of money due to him as his proportion of the amount of the sales of the said estate—*Held*, that the account could not be filed

To establish the above account in bar, the defendant offered to read a copy, under seal, of a decree of the court of chancery, for the sale of the estate of J E, and the appointment of the plaintiff trustee to make the sale, and the trustee's report of the sale and ratification by the chancellor, together with the auditor's statement and ratification thereof showing the proportion due to the creditors, and among others of the sum due to F B above named, and claimed to be set off—*Held*, that such evidence was inadmissible.

The plaintiff to show that F B was not entitled to the proportion adjudged to him out of the proceeds of the sale of the real estate of J E; and to prove that F B was one of the sureties in the administration on the personal estate of J E, and that it had been misapplied, and not legally administered, offered in evidence the administration bond, and an account signed by F B, for the administratrix—*Held*, that the evidence was not admissible.

APPEALS from *Prince-George's* County Court. They were two actions of *debt* on joint and several bonds, given to the appellant, as trustee appointed by the court of chancery for the sale of the real estate of *J. Eversfield*, each by *F. Bowie*, with the appellee's intestate, and *J. Brown*, his sureties; each bond was conditioned for the payment of £19 5 0. The defendant, (now appellee,) in each case pleaded *payment* by his intestate, to which there was the general replication, and issue joined.

1. At the trial of the *first* cause at *September* term 1801, after the jury were sworn, the defendant produced and offered to file the following account in bar. "*Thomas Gantt*, trustee for the creditors of *John Eversfield*, to *Fielder Bowie*, Dr.

1793. To the sum adjudged to be due me by the chancellor as my proportion of the amount of the sales of *John Eversfield's* real estate,     £67 3 3¼"

To which the plaintiff objected. But the county court overruled the objection, and permitted the account to be filed, and the same was filed. The plaintiff excepted.

2. At the trial of the *second* cause at *April* term 1802, it having been agreed between the parties that the plea of *discount* might be pleaded and made up in a regular manner, and that any thing might be given in evidence, which could legally be given in evidence under that plea, the plaintiff offered in evidence, that the bond on which this suit was brought was given by *F. Bowie*, as the principal obligor, and *A. Bowie*, deceased, and *J. Brown*, his sureties, to the plaintiff, as trustee for the sale of *J. Eversfield's* real estate, and that the money claimed to be due thereon is not claimed by the plaintiff in his individual capacity, but as trustee as aforesaid. To establish the plea of discount in this cause, and to have the account in bar mentioned therein discounted out of the bond on which this suit is brought, the defendant offered in evidence a copy, under seal, of the decree made in the court of chancery in the case of the creditors of *John Eversfield*, deceased, against *Mary*, his only daughter and heir, decreeing that the real estate of the said *Eversfield*, which descended to his daughter *Mary*, be sold for the payment of the debts of her father, and that *T. Gantt*, (the plaintiff,) be appointed trustee to sell the said real estate; that he should divide the purchase money into six or more equal parts, and take a separate bond for each part, in order that the same might be assigned amongst the creditors in case they should so elect, and it should appear to the court proper to be so done. That he should bring into court the money arising from the sale, to be applied in satisfying just claims against the deceased. Also a copy, under seal, of the report made by the trustee of the sale of the said real estate, and the chancellor's order ratifying the same; and the auditor's statement of the proportions due to the creditors, and among others, to *F. Bowie*, of £28 12 1, and £18 18 1; to *F. Bowie*, & Co. £77 14 4; to *A. Bowie*, (the defendant's intestate,) £6 16 11, and to *Contees* and *Bowies* £15 17 10. Which statement was approved and ratified by the chancellor. The defendant also offered to prove, that *F. Bowie* mentioned therein, is the same *F. Bowie* mentioned in the bond on which this suit is brought. The plaintiff objected to the copy of the decree, &c. being read in evidence. But the court, [*Sprigg*, Ch. J.] overruled the objection, and permitted the same to be read, and it was read accordingly. The plaintiff excepted.

1803

Gantt
vs
Bowie

1809.
Barnes
vs
Blackiston

8. The plaintiff to prove that *F. Bowie* was one of the sureties in the administration bond on the personal estate of *J. Eversfield*, and that the personal estate had been misapplied, and not legally administered, offered in evidence the administration bond, and an account signed by *F. Bowie*, for the administratrix, and intending to prove thereby that *F. Bowie* was not entitled to a proportion of the sales of the real estate of *J. Eversfield*, equal to the sums awarded to him. The defendant objected to the same being proved and read in evidence; and the county court, [*Sprigg*, Ch. J. and *Duckett*, A. J.] being divided in opinion, the same was not permitted to be proved or offered in evidence. The plaintiff excepted. Verdicts and judgments in both cases for the defendant, and the plaintiff prosecuted these appeals.

The causes were argued before Chase, Ch. J. Polk, Buchanan, Nicholson, and Earle, J. by

*Magruder*, for the Appellant; and by
*T. Buchanan*, for the Appellee.

The Court dissented from the opinions of the court below, given in the *first* and *second* bills of exceptions, as herein stated, and concurred with that court in the opinion given in the *third* bill of exceptions.

JUDGMENTS REVERSED, AND PROCEDENDOS AWARDED.